**FILED**
JUN 15 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | |
|---|---|
| Diana Lantz<br>422A S. Ogle St.<br>Mount Morris, IL 61054<br><br>    Plaintiff,<br><br>v.<br><br>Professional Recovery Services, Inc. d/b/a<br>Echelon Recovery, Inc.<br>c/o CT Corporation System,<br>Registered Agent<br>208 South LaSalle Street Suite 814<br>Chicago, IL 60604<br><br>    Defendant. | 07CV3380<br>JUDGE ST EVE<br>MAGISTRATE JUDGE SCHENKIER<br><br>COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE ILLINOIS COLLECTION AGENCY ACT, AND OTHER EQUITABLE RELIEF<br><br>JURY DEMAND ENDORSED HEREIN |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a debt as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. All of Defendant's actions occurred within one year of the date of this Complaint.

9. In October 2006, Defendant threatened to put a lien on Plaintiff's house if Plaintiff did not make payment on her debt.

10. Defendant has neither filed suit against Plaintiff nor placed a lien on Plaintiff's property.

11. On March 26, 2007, Plaintiff informed Defendant that Plaintiff had retained Legal Helpers, P.C. to file a bankruptcy, provided contact information for Legal Helpers, P.C., and requested that all future communications regarding Plaintiff's debt be directed to Legal Helpers, P.C.

12. During the March 26, 2007 communication referenced above in paragraph 11, Plaintiff also informed Defendant that Plaintiff was not allowed to receive personal calls at work.

13. Despite Plaintiff's notices referenced above in paragraphs 11 and 12, Defendant contacted Plaintiff at work on April 3, 2007.

14. Despite Plaintiff's notices referenced above in paragraphs 11 and 12, Defendant contacted Plaintiff on April 11, 2007.

15. Defendant Violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. Defendant violate 15 U.S.C. §1692e by threatening legal action that Defendant did not intend and that was stated for the sole purpose of terrifying Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. The Defendant violated 15 U.S.C. §1692c in that it continued, on multiple occasions, to contact Plaintiff notwithstanding the fact that Plaintiff told the Defendant that she was represented by an attorney.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

### Violation of the Illinois Collection Agency Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 225 ILCS 425/9(12) by threatening to put a lien on Plaintiff's home without disclosing that such action could only be taken pursuant to court order.

## JURY DEMAND

26. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

27. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment against Defendant for actual damages and statutory damages pursuant to 225 ILCS 425/9.

   c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: _____
Jeffrey S. Hyslip
Attorney for Plaintiff
Jeffrey S. Hyslip
20 West Kinzie; Suite 1300
Chicago, IL 60610
Telephone: 312-753-7536
jsh@legalhelpers.com